## VILLHAUER v. GROSS.

(Supreme Court, Appellate Division, Second Department. January 26, 1910.)

JUDGMENT (§ 256*)—CONFORMITY OF JUDGMENT TO FINDINGS.

As a judgment must conform to the findings, there is an irregularity, where, after judgment for the amount to which the findings show plaintiff entitled, the court, on hearing of a motion to vacate the judgment and reopen the case for introduction of further evidence, made an order for reduction of the amount of the judgment, without a modification of the findings.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 256.*]

Appeal from Queens County Court.

Action by Louis Villhauer against Paul Gross. From part of an order, plaintiff appeals. Reversed, with leave to make application.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, THOMAS, and CARR, JJ.

Constantine T. Timonier, for appellant.
Paul Gross, for respondent.

CARR, J. This action was brought to foreclose a mechanic's lien. On the trial, the County Court of Queens County gave judgment in favor of the plaintiff for the sum of $525.75, together with costs. The amount found due the plaintiff was made up of a balance due on a general building contract, together with the sum of $111 found to be due for extra work and materials furnished at the defendant's request. After the entry of judgment, the defendant applied by motion to the County Court to vacate the judgment and reopen the case, in order that further evidence should be produced by him on the question of the extra work and materials. On the hearing of this motion the trial court made an order opening the case for further hearing, and proceeded to take testimony on the disputed question of extra work and materials. Thereafter it entered an order denying the original motion to vacate the judgment as entered, but directing a modification thereof by reducing the amount found due the plaintiff from the sum of $525.75 to the sum of $478.10. From this last order the plaintiff appeals.

The appellant contends that the order appealed from affects his substantial rights, and is unauthorized under section 723 of the Code of Civil Procedure. As the case now stands, the findings of the trial court have not been vacated nor modified. They find that the defendant is indebted to the plaintiff in the sum of $111 for extra work and material, in addition to a balance due on the original contract, amounting in all to the sum of $525.75. As the judgment must conform to the findings, it would be clearly irregular to enter a judgment for an amount greater or less than the findings prescribe. The trial court, having reopened the case for further proof, should have made new findings, if it were so justified, and should have directed judgment in accordance therewith. The practice it adopted has led to a situation in which the findings fix one amount of recovery and the modified

judgment another. This result is entirely irregular. The appellant, however, does not appeal from that portion of the order which denies the defendant's motion to vacate the judgment as entered originally. The portion of the order not appealed from is, however, so interconnected with the provision from which the appeal is taken that both must be considered together.

The order should be reversed entirely, with $10 costs and disbursements, but with leave to the respondent to apply to the trial court for appropriate findings on the case as reopened, and for a judgment conforming thereto. All concur.